UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EDWARDS-FAVELA
VILLANUEVA,

          Petitioner,          Case No. 1:17-cv-211

v.                                     Honorable Janet T. Neff

SHANE JACKSON,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will deny Petitioner's motion for a stay and dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Factual Allegations**

Petitioner is incarcerated in the Carson City Correctional Facility. Petitioner pleaded guilty in the Eaton County Circuit Court to second-degree home invasion, MICH. COMP. LAWS § 750.110(a)(3), and was originally sentenced on November 7, 2012, to a jail term of 365 days to be followed by a two-year term of probation. Petitioner's probation was revoked after the trial court found that he had violated the terms of his probation. On September 12, 2014, the trial court resentenced Petitioner as an habitual offender, MICH. COMP. LAWS § 769.12, to imprisonment of 72 to 360 months.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following six claims of error:

> I. The trial court imposed a probation violation sentence without obtaining an updated presentence report.
>
> II. The trial court refused to allow corrections to Petitioner's presentence report.
>
> III. The trial court refused to provide Petitioner with a document that was removed from the circuit court record concerning the discharge of Petitioner's probation.
>
> IV. The trial court lacked sufficient evidence to establish a probation violation.
>
> V. The trial court lacked jurisdiction to conduct a probation violation hearing and impose a probation violation sentence because he was already discharged from probation.
>
> VI. Ineffective assistance of counsel.

(Pet. ECF No. 1, PageID.2.) The court of appeals denied Petitioner's application for leave to appeal on April 29, 2015, for lack of merit in the grounds presented. Petitioner raised the same six claims in his application for leave to appeal in the Michigan Supreme Court, as well as a new claim that he had not received proper credit for time served. On October 28, 2015, the Michigan Supreme Court

denied Petitioner's application because it was not persuaded that the issues warranted review by the court. The supreme court subsequently denied Petitioner's motion for reconsideration on March 8, 2016.

On March 17, 2015, while Petitioner's case was pending before the Michigan Court of Appeals, Petitioner filed in the Eaton County Circuit Court motions to dismiss for lack of jurisdiction and for correction of an invalid sentence. However, those motions were not decided by the circuit court because it lacked jurisdiction while Petitioner's case was pending on appeal. Petitioner claims that he filed amended versions of the same motions in the state circuit court on January 11, 2017.

Petitioner now raises the following grounds for habeas corpus relief:

I. The trial court imposed a probation violation sentence without obtaining an updated presentence report.

II. The trial court refused to allow corrections to Petitioner's presentence report.

III. The trial court refused to provide Petitioner with a document that was removed from the circuit court record.

IV. The trial court lacked sufficient evidence to establish a probation violation.

V. The trial court lacked jurisdiction to conduct a probation violation hearing and impose a probation violation sentence because he was already discharged from probation; ineffective assistance of counsel.

VI. Petitioner did not receive credit for time previously served.

VII. Petitioner's counsel was ineffective at the contested probation violation hearing and on appeal.

(Pet. ECF No. 1, PageID. 5-25.) Petitioner also moves for a stay of the proceedings (ECF No. 3) while his post-judgment motions are pending in the state courts.

## Discussion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raised his first five grounds for habeas corpus relief on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner also has filed post-appeal motions in the Eaton County Circuit Court raising some of the same claims that were presented on direct appeal. Once an issue of asserted constitutional violation has been presented at all levels of the state appellate system, the exhaustion rule does not require future repetitive presentations in the state courts. *See Fields v. Bagley*, 275 F.3d 478 (6th Cir. 2001); *Tuggle v. Seabord*, 806 F.2d 87, 91 (6th Cir. 1986); *Coleman v. Maxwell*, 351 F.2d 285, 286 (6th Cir. 1965) ("It is clear to this Court that once an issue of asserted federal constitutional violation has been

presented to the highest state court in the state concerned, that the doctrine of exhaustion of remedies does not require futile repetitive presentation to such court by repeated attempts through a variety of motions"). Because Petitioner raised his first five grounds for relief on direct appeal in the Michigan appellate courts, the exhaustion requirement is satisfied.

Petitioner, however, has failed to demonstrate exhaustion with regard to his sixth and seventh grounds for habeas relief. Petitioner raised his sixth ground for habeas relief concerning credit for time served for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

In his seventh ground for habeas corpus relief, Petitioner asserts ineffective assistance of trial and appellate counsel. While it appears that Petitioner raised a claim of ineffective assistance of trial counsel on direct appeal, there is no indication that Petitioner raised a claim of ineffective

assistance of appellate counsel. Consequently, Petitioner has failed to satisfy his burden of demonstrating exhaustion.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Under Michigan law, Petitioner may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq*. One such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Instead of filing a motion for relief from judgment after the conclusion of his direct appeal, Petitioner filed amended versions of his previously filed motions to dismiss for lack of jurisdiction and to correct sentence. The motions filed by Petitioner on January 11, 2017, likely will be construed by the state circuit court as a motion for relief from judgment as that is the proper vehicle for seeking post-appeal relief from a criminal conviction.[1] If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled

---

[1] When it is uncertain whether the Michigan courts will consider Petitioner's habeas claims on the merits, this Court will presume that such state relief is available to the petitioner. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991). The state courts should have a full and fair opportunity to cure any constitutional infirmities in petitioner's conviction. *See Brewer*, 942 F.2d at 340.

during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his motion for reconsideration on March 8, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 6, 2016. Accordingly, absent tolling, Petitioner would have one year, until June 6, 2017, in which to file his habeas petition.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). In this case, it appears that the statute of limitations was tolled when Petitioner filed his post-appeal motions on January 11, 2017. At that time, Petitioner had 147 days remaining in the limitations period. The statute of limitations is tolled from the filing of an application for state

post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007).  The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court.  *Id.* at 332.  Petitioner, therefore, will have until 147 days after the Michigan Supreme Court issues a ruling in which to file a new habeas petition presenting his exhausted claims.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 781.  *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).  Petitioner has more than sixty days remaining in his limitations period.  Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations.  Therefore, a stay of these proceedings is not warranted.  Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will deny Petitioner's motion for a stay of the proceedings and dismiss the petition for failure to exhaust available state-court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: March 27, 2017          /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge